UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| IN RE: MERV PROPERTIES, LLC, | ) | |
| | ) | Civil Action No. 5:14-007-DCR |
| Debtor. | ) | Bankr. Case No. 11-52814 |
| | ) | |
| | ) | |
| | ) | |

| | | |
|---|---|---|
| MERV PROPERTIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:14-007-DCR |
| | ) | Bankr. Case No. 11-52814 |
| V. | ) | Adv. Pro. No. 13-05034 |
| | ) | |
| FIFTH THIRD BANK, et al., | ) | |
| | ) | |
| Defendants. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is pending for consideration of Defendants Fifth Third Bank and Tim Yessin's motion to withdraw the reference to the United States Bankruptcy Court of the claims asserted against them.[1]  [Record No. 1]  For the reasons set forth below, the motion will be denied.

Plaintiff MERV Properties, LLC ("Merv") was formed for the purpose of purchasing and renovating property located on Manchester Avenue in Lexington, Kentucky.  [Record No. 1-1,

---

1   Co-Defendant Forcht Bancorp has responded and asserts that the claims against Defendants Fifth Third and Yessin are separate and distinct from the claims against it.  However, it also asserts that the claims involving Forcht Bank should not be delayed due to the requested relief.  [Record No. 4, p. 1]

p. 5] On October 10, 2011, Merv filed a Chapter 11 petition which initiated the main bankruptcy case in this matter. [Record No. 1, p. 2] On October 4, 2013, Merv filed the Complaint that commenced the adversary proceeding against Defendants Fifth Third, Tim Yessin, Eric Friedlander, Howard Markowitz, Mark Properties, LLC, and Forcht Bancorp, Inc. ("Forcht"). [Record No. 1-1][2]

Merv asserts that Fifth Third and Yessin breached their contract by permitting checks to be written from Merv's checking account without two signatures as required by the depository agreement, and by allowing two-party checks to be deposited into the checking account without the endorsements of both parties. [Record No. 1-1] Merv further alleges that Fifth Third and Yessin committed or facilitated fraud and theft by permitting Friedlander and Markowitz to write checks to themselves and to other entities connected to them from Merv's checking account, and by permitting two-party checks to be deposited into the checking account without proper endorsements. [*Id.*] Finally, Merv claims that Yessin breached his fiduciary duty.

The Complaint alleges similar claims against the other defendants. For example, against Defendants Friedlander, Mark Properties, and Markowitz, Merv asserts claims of breach of contract, fraud, and breach of fiduciary duties. [Record No. 1-1, p. 11] In addition, Merv alleges that Friendlander and Markowitz usurped an opportunity of Merv and that Friedlander made fraudulent conveyances. [*Id.*] Merv requests compensatory damages, punitive damages,

---

2   The defendants' relationship to Merv are as follows: Merv maintained a checking account at Fifth Third and Yessin was the officer in charge of the banking relationship with Merv. [*Id.*, p. 4 ¶5, 7] Mark Properties and Friedlander hold a controlling interest in Merv, and Markowitz is the principal of Mark Properties. [Record No. 1-1, p. 4 ¶3-4, 6] Forcht was the principal lender for Merv, and has filed a proof of claim in the bankruptcy proceeding. [*Id.*, ¶8]

attorneys' fees and costs, as well as additional remedies against Defendants Forcht, Friendlander, Markowitz, and Mark Properties. [Record No. 1-1, p. 12]

Fifth Third and Yessin argue that their status is different from that of the other defendants because they are not creditors of Merv (as is Forcht); have not filed a proof of claim in the main bankruptcy case (such as Forcht); and do not hold an ownership interest in Merv (as do Friendlander and Mark Properties).[3] Fifth Third and Yessin argue that because the only causes of action against them — breach of contract, fraud, and breach of fiduciary duty against Yessin — are based upon state law, the reference to the bankruptcy court should be withdrawn. Further, they argue that none of these causes of action will have any bearing upon whether a proof of claim filed in the main bankruptcy case will be allowed. [Record No. 1, p. 4]

With some exceptions, district courts have "original and exclusive jurisdiction over all cases under title 11." 28 U.S.C. § 1334(a). "Congress has divided bankruptcy proceedings into three categories: those that arise under title 11; those that arise in a Title 11 case; and those that are related to a case under title 11." *Stern v. Marshall*, __ U.S. __,131 S. Ct. 2594, 2596 (2011) (internal quotation marks omitted). Under 28 U.S.C. § 157(b)(1), a bankruptcy judge may enter final orders and judgments in "all core proceedings arising under title 11, or arising in a case under title 11," which have been referred to the bankruptcy court from the district court. 28 U.S.C. § 157(b)(1). Core proceeding include, but are not limited to, sixteen different types of matters, such as: (i) counterclaims by the estate against claimants against the estate; (ii)

---

3  However, Fifth Third and Yessin also contend that the bankruptcy court will lack jurisdiction to enter a final judgment for Merv's claims against Defendants Friedlander, Markowitz, and Mark Properties because those claims are also based on state law and because none of those defendants filed a proof of claim in the bankruptcy case.

proceedings to recover preferences and fraudulent conveyances; and (iii) orders to turn over property of the estate. 28 U.S.C. § 157(b)(2)(C), (E), (F), (H).

Under § 157(c), non-core proceedings that are otherwise related to a Title 11 case may be heard by a bankruptcy judge. § 157(c)(1). In those proceedings, the bankruptcy judge submits "proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected." *Id.*

The Local Rules for this district implement these provisions by referring to the bankruptcy court "[a]ll matters arising under — or arising on or related to cases arising under — Title 11 of the United States Code filed on or after July 10, 1984, except proceedings involving tort claims for personal injury or wrongful death." L.R. 83.12(a)(3). Regarding withdrawals from referred bankruptcy cases, the United States Code vests federal district courts with wide discretion: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d).

### A. Jurisdiction to Enter a Final Judgment

Fifth Third and Yessin argue that recent Supreme Court and Sixth Circuit decisions stand for the proposition that "a bankruptcy court will lack jurisdiction to issue a final judgment concerning any cause of action based solely upon state law where the resolution of such cause of action is not necessary to determine whether a proof of claim filed in the main bankruptcy case is allowed or disallowed." [Record No. 5, p. 2 (citing *Stern v. Marshall*, 131 S.Ct. 2594

(2011); *In re Global Technovations Incorporation*, 694 F.3d 705 (6th Cir. 2012); and *Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012)).] In *Stern*, the Supreme Court found, *inter alia*, that the bankruptcy court in that case lacked the authority under Article III to enter a final judgment on a counterclaim that was asserted in response to a defamation claim against the bankruptcy estate. *Stern*, 131 S.Ct. at 2611-20. The Court reached this decision even though the counterclaim was considered a core proceeding under 28 U.S.C. § 157(b). *See id.* It reasoned that because the counterclaim in that case arose under state common law and was between two private parties, it did not flow from the federal statutory scheme and would not necessarily be resolved by ruling on the proof of claim in the bankruptcy proceedings.

As Fifth Third and Yessin concede, *Stern* did not create a bright line rule regarding when a bankruptcy court may or may not enter a final judgment concerning a claim in an adversary proceeding that would otherwise appear to be a core proceeding. [Record No. 1, p. 7] Yet, it observed that when a "suit is made of the stuff of the traditional actions at common law" and "is brought within the bounds of federal jurisdiction, the responsibility for deciding that suit rests with Article III judges and Article III courts. The Constitution assigns that job . . . .to the Article III Judiciary." *Stern*, 131 S.Ct. at 2609 (internal quotation marks omitted).

In *In re Global Technovations Incorporation*, 694 F.3d 705 (6th Cir. 2012), the Sixth Circuit applied *Stern*, noting that *Stern* had held that "[w]hen a claim is a state law action independent of the federal bankruptcy law and not necessarily resolvable by a ruling on the creditor's proof of claim in bankruptcy, the bankruptcy court cannot enter final judgment." *Global Technovations*, 694 F.3d at 722. And in *Waldman*, the Sixth Circuit extrapolated the recent Supreme Court precedent: "[W]hen a debtor pleads an action arising only under state-law,

as in *Northern Pipeline*; or when the debtor pleads an action that would augment the bankrupt estate, but not necessarily be resolved in the claims allowance process, then the bankruptcy court is constitutionally prohibited from entering final judgment." *Waldman*, 698 F.3d at 919 (internal quotation marks and citations omitted).

### B. Withdrawal of Claims

Thus, the issue becomes whether this Court should withdraw some or all of Merv's claims where the bankruptcy court may not have jurisdiction to enter final judgments against all of the defendants.[4] Although "cause" to withdraw claims from the bankruptcy court under § 157(d) is not defined, courts addressing this issue have considered several factors, such as judicial economy; uniformity in bankruptcy administration; the reduction of forum shopping; economical use of parties' resources; expediting the bankruptcy process; and the presence of a jury demand. *Big Rivers Elec. Corp. v. Green River Coal Co., Inc.*, 182 B.R. 751, 754 (W.D. Ky. 1995). The withdrawal statute should be narrowly construed. *Hassett v. Citicorp N. Am., Inc.* (*In re CIS Corp.*), 188 B.R. 873, 877 (S.D.N.Y. 1995); *Mich. Milk Producers Ass'n v. Hunter*, 46 B.R. 214, 215-16 (N.D. Ohio 1985).

Merv acknowledges that the bankruptcy court may not be able to issue final judgments on all of its claims, but argues that the claims against Fifth Third and Yessin should not be separated and withdrawn from the bankruptcy court[5] because the evidence it will present to

---

4  In addition, the Court at this time cannot determine whether the claims would "necessarily be resolved in the claims allowance process." *Waldman*, 698 F.3d at 919.

5  Fifth Third and Yessin alternatively argue that the Court could withdraw the entire adversary proceeding. [Record No. 6] Or, they suggest that Merv's claims against Forcht could be left before the bankruptcy court while all of the other claims are withdrawn. [Record No. 6, p. 2] However, Merv has asserted fraudulent conveyance claims against Forcht and Friedlander, which are core in nature. 28 U.S.C.

establish the claims against all the defendants is the same. [Record No. 3, p. 2] Merv suggests that the claims against Fifth Third and Yessin cannot be fully understood and presented without presenting the actions of the other defendants, especially Friedlander and Markowitz. [*Id.*]

In this instance, withdrawing some of the claims against some of the defendants to this Court would unnecessarily separate cases and claims. Merv alleges concerted actions among many of the defendants. [*See e.g.* Record No. 1-1, p. 6 ¶19, 38 (alleging that Yessin is a business partner of Markowitz and Friedlander and that all three prohibited access to Merv's business records).] If portions of Merv's claims are withdrawn, the parties will be required to prepare and present similar arguments in each court, witnesses may compelled to testify twice, and both courts would hear related claims. [*Id.*] Such a result would undoubtedly delay the proceeding. Despite some differences between the claims against Fifth Third and Yessin, a simple reading of the Complaint shows that the actions of the defendants are inter-related. [Record No. 1-1] Judicial economy will be best served by directing that all of the related claims be adjudicated in the bankruptcy court.

Fifth Third and Yessin do not dispute that Merv's claims against the defendants are related to the main bankruptcy case, because a recovery by Merv upon such claims would benefit the bankruptcy estate. [*See* Record No. 1, p. 11.] And, at least some of the claims in the

---

§ 157(b)(2)(H). It makes little sense to withdraw Merv's claims against Forcht and/or Friedlander, a result that Forcht itself does not seek. *See In re Wencl*, 71 B.R. 879, 882 (Bankr. D. Minn. 1987) ("[T]he process of garnering fraudulently-transferred assets back into the bankruptcy estate — to the resultant benefit of all creditors — is one of those proceedings which is by its very nature essential to the adjustment and restructuring of debtor-creditor relationships that is at the core of federal bankruptcy jurisdiction.").

Complaint, such as the fraudulent conveyance claims, are "core" proceedings.[6] [*See* Record No. 1-1, pp. 19, 23.] Fifth Third and Yessin contend, and this Court agrees, that regardless of whether these related claims are considered core or non-core, § 157(c)(1) provides that:

> A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceedings, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district court judge after considering the bankruptcy judge's proposed findings and conclusions and after review de novo those matters to which any party has timely and specifically objected.

28 U.S.C. § 157(c)(1); *see also Stern*, 131 S.Ct. at 2620 (suggesting that this same procedure is applicable to core claims that are not subject to a final adjudication by the bankruptcy court).

In accordance with 28 U.S.C. § 157(c), the bankruptcy court will submit proposed findings and conclusions of law regarding the resolution of the claims that it cannot finally decide; that is, claims concerning only state law that are not necessarily decided. *See* 28 U.S.C. § 157(c)(1). The Court disagrees with Yessin and Fifth Third that judicial economy is undercut by allowing the bankruptcy court to adjudicate the matter and issue proposed findings of fact and conclusions of law to this Court on matters where it may not enter a final judgment.[7] [Record No. 1, p. 12] Rather, keeping the related claims together serves judicial economy, ensures economical use of the parties' resources, and is likely to expedite the bankruptcy process.

---

6   At this point, it is unclear the extent to which the core proceedings are related to the proof of claims allowance, and thus, would be subject to final determination by the bankruptcy court. However, the only defendant to file a proof of claim in the bankruptcy case that is also a Defendant in this case is Forcht. WLEX Communications, LLC and Kentucky Tax Lien Fund, LLC, have also filed proof of claims. [Record No. 5, p. 2]

7   The only way Fifth Third and Yessin suggest that judicial economy will be served by the withdrawal is that it would preclude the possibility of this Court having to conduct a de novo review of findings of fact and conclusions of law issued by the bankruptcy court. [Record No. 5, p. 3]

Accordingly, is hereby

**ORDERED** that Defendants Fifth Third Bank and Tim Yessin's motion to withdraw the reference of claims against them [Record No. 1] is **DENIED**.

This 17th day of January, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge